**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10091 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00329-JCM |
| v. | |
| INGREAT NORRIS SWIFT, a.k.a. Norris Ingreat Swift, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Ingreat Norris Swift appeals from the conviction and 92-month sentence imposed following his guilty-plea to interstate transportation with intent to engage in criminal sexual activity (prostitution), in violation of 18 U.S.C. § 2421. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand for resentencing.

Swift correctly asserts that the district court procedurally erred by incorrectly calculating the applicable Guidelines range. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *see also United States v. Takahashi*, 205 F.3d 1161, 1167 (9th Cir. 2000); U.S.S.G. § 1B1.2, cmt., n.1. (2009). The most appropriate offense guideline for the conviction at issue is U.S.S.G. § 2G1.1; therefore it was error for the district court to rely on § 2G1.3 in calculating Swift's base offense level. We vacate Swift's sentence and remand for resentencing consistent with this opinion.

Swift also contends that the district court erred by refusing to consider his motion to withdraw his guilty plea, and by denying his motion to continue the sentencing hearing to allow him to brief the issue. The district court did not abuse its discretion by ruling that Swift's unsupported claim of innocence was not a fair and just reason to withdraw his guilty plea. *See United States v. Turner*, 898 F.2d 705, 713 (9th Cir. 1990). Accordingly, the conviction is affirmed. In light of the foregoing disposition, the district court's denial of a continuance is moot.

**AFFIRMED in part; VACATED in part; and REMANDED for RESENTENCING.**